IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

LISA KING, AS THE SPECIAL
ADMINISTRATOR FOR THE
ESTATE OF JOHN P. KING,

                              Plaintiff,                        OPINION AND ORDER

    v.

                                                          10-cv-123-wmc

SUE KRAMER, and LA CROSSE
COUNTY,

                              Defendants.

---

      Presently before the court are two motions challenging expert witness testimony pursuant to Federal Rule of Evidence 702 and *Daubert v. Merrill Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). (Pl.'s Mot. to Exclude Marc Novom, M.D. (dkt. #139); Def. Kramer's Mots. to Strike Robert Greifinger, M.D. (dkt. ##161, 162).) For the reasons described below, the court will grant in part and deny in part both motions, placing certain limitations on each respective expert's testimony, but will not exclude either from testifying at trial on Rule 702 and *Daubert* grounds.

      Plaintiff also raises a challenge to La Crosse County's expert Dr. Mark Novom's testimony on the basis of his failure to comply with mandatory Rule 26 disclosures. For the reasons provided below, the court will also grant in part and deny in part plaintiff's motion to strike Novom's testimony on this basis. La Crosse County must comply with its Rule 26 disclosure requirements as detailed below or Novom will *not* be allowed to testify at trial.

OPINION

Expert reports are classic hearsay and will not be admitted into evidence to the jury. The question raised by the present motions is, therefore, whether the parties' respective expert's proposed testimony should be stricken or limited.

**I. Motion to Exclude Expert Testimony of Mark Novom, M.D.**

Plaintiff seeks to strike La Crosse County's expert Mark Novom, M.D, from testifying at trial because he "employs faulty methodologies, uses irrelevant data, and ignores the facts of this case," rendering his opinions unreliable. (Pl.'s Br. (dkt. #140) 4.) In a disorganized, scatter-shot approach, plaintiff's raise several issues with Novom's report, some of which have merit, but none of which warrant the outright exclusion of Novom's testimony at trial.

First, plaintiff takes issue with Novom's reliance on "old medical records," dating back to 1999, because these records were not in the possession of defendants at the time of King's incarceration and death. (Pl.'s Br. (dkt. #140) 5.) While plaintiffs are correct to point out that these records could not have informed defendant Kramer's understanding of King's medical condition, the records and Novom's reliance on them are still material to his opinion as to what *caused* King's death and his conclusion that King was faking seizure activity.

Second, plaintiff argues that Novom's opinions "have no factual or legal relevance" to a deliberate indifference determination. (Pl.'s Br. (dkt. #140) 7-8.) The court disagrees. Novom's opinions about the cause of King's death and his opinion that

2

he was faking seizure activity go to both whether King had the serious medical condition underlying plaintiff's theory, and at least potentially (depending upon what other facts are offered) to whether Kramer had a "sufficiently culpable state of mind" in responding to King.

Plaintiff's other criticisms of Novom's report -- his disregard of clinical diagnostic impressions, his cursory review of clinical diagnoses, and the evidence relied on in determining that King's seizure activity was purposeful -- all go to the weight the jury may give Novom's testimony. Accordingly. they are properly subjects for cross-examination, not grounds to strike his testimony.

Finally, plaintiff takes issue with ten pages of "commentary" at the end of Novom's report. The court agrees that Novom's stream of consciousness responses to King's medical records, offering general opinions on such things as prisoners, the quality of the prison health care system, and conclusory and inflammatory statements about King's character are not admissible areas of testimony. Rather than try to parse out the limited statements that *might* be allowed in this commentary, the court will instead simply enforce its standard rule that Dr. Novom testimony at trial is limited to the opinions and basis for those opinions set forth in his seven-page expert report.

In addition to raising challenges under Rule 702 and *Daubert*, plaintiff also seeks to exclude Novom's testimony for failing to comply with mandatory, Rule 26 disclosure obligations. Specifically, Novom failed to provide "a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition." Fed. R. Civ. P. 26(a)(2)(B)(v). At his deposition, Novom went farther, taking the

3

extraordinary position that he did not create such a list because "it would be too onerous of a task." (Affidavit of Michael J. Devanie ("Devanie Aff."), Ex. C (dkt. #143-3) 8:11-19.)

In response, defendants contend that Dr. Novom has only testified in federal court on one occasion more than 20 years ago and that "plaintiff did not actively pursue [information] about other state court testimony." (Def. La Crosse County's Opp'n (dkt. #277) 6.) The rule, however, is not limited to prior experience in federal court; nor is it incumbent on the opposing party to "actively pursue" information required by Rule 26. La Crosse County cites to an Eastern District of Arkansas case in which the court refused to strike the expert's report because of his failure to disclose his prior expert testimony, in part because, defendant "did not ask him" about this area during his deposition. (*Id.* (citing *Abernathy v. Union Pac. R.R. Co.*, 2011 WL 1397439 (E.D. Ark. Apr. 13, 2011). By contrast, the plaintiff here *did* explore Novom's failure to comply with this mandatory disclosure requirement at his deposition, and Novom's response not only did not excuse his failure to comply, but exacerbates that failure.

Accordingly, the court will order La Crosse to comply with this requirement by providing a list of *all* other cases in which, during the previous 4 years, Novom testified as an expert at trial or by deposition on or before December 17, 2012. In addition to providing the list and in an effort to ameliorate any prejudice to plaintiff, La Crosse County shall also provide to plaintiff on or before December 24, 2012, (1) the names and contact information of the attorney or party who retained him for each case on the list, as well as contact information for each such attorney or party; and (2) those copies

4

of deposition or trial testimony transcripts as well as any opinions issued by courts in which Novom's testimony is discussed for each case on the list if in Novom's possession. If La Crosse County fails to comply with this order, the court will strike Novom's expert testimony.

**II. Motion to Exclude Expert Testimony of Robert Greifinger, M.D.[1]**

Pursuant to Federal Rule of Evidence 702 and *Daubert*, defendant Kramer similarly seeks to exclude plaintiff's expert Dr. Robert Greifinger's testimony about the standard of care because Greifinger "does not possess the requisite knowledge, skill, experience, training, or education to render expert testimony on the *nursing* standard of care which is applicable to Kramer . . . or the cause of King's death." (Def. Kramer's Br. (dkt. #136) 3 (emphasis added).) Specifically, Kramer takes issue with (1) Dr. Greifinger's lack of any experience qualifying him to testify about nursing standard of care, (2) his limited experience treating adults as a trained pediatrician, (3) his lack of practical experience, and (4) his lack of experience in the correctional setting. Kramer also contends that, even if qualified, Dr. Greifinger's testimony would be cumulative because plaintiff has also retained a neurologist, an emergency room doctor, and a forensic psychologist.

---

[1] In her original motion in limine submissions, Kramer raised other issues regarding the relevance and prejudice of other aspects of Greifinger's testimony. Consistent with a recent status conference, the court limits its review here to Rule 702 and *Daubert* challenges, but will consider the other issues if and when Kramer raises them in motions in limine due December 14, 2012. For example, defendant Kramer seeks to exclude all opinions and underlying factual basis for those opinions not expressly stated in his report, which appears appropriate on its face for both sides' experts.

In response, plaintiff points to Dr. Greifinger's extensive experience in the field of correctional medicine. As detailed in his report, Greifinger explains:

> I have practiced in the field of correctional medicine for the past 20 years. From 1987 to 1989, I managed the medical care at Rikers Island, New York City's jail. From 1989 until 1995, I was the Chief Medical Officer for the New York State Department of Correctional Services. . . . From 1995 until the present, I have consulted in the design, management, and quality improvement programs for correctional health care systems.

(Declaration of W. Patrick Sullivan ("Sullivan Decl."), Ex. 2 (dkt. #137-2) 1.) Dr. Greifinger also lists list extensive experience as an appointed monitor by various courts and by the Civil Rights Division of the United States Department of Justice of the medical care in jails throughout the country. Based on this experience, the court concludes that Dr. Greifinger is qualified to provide expert testimony as to the ordinary standard of care one should expect of an experienced nurse in a correctional facility. The fact that Dr. Greifinger is a doctor does not prevent him from offering opinions as to the applicable standard for a nurse, like Kramer, at least in light of his significant experience monitoring and management of health care in the correctional setting.

The court further finds that Greifinger's experience as a physician qualifies him to testify as to his theory that withdrawal from his benzodiazepines led to the seizures and heart attack, resulting in King's death. Defendant is free to cross-examine Greifinger as to the limits of his practical experience of treating adult patients in recent years, but the court will not strike his testimony on that basis. As to defendant's challenge that Dr. Greifinger's testimony as to the cause of King's death is cumulative and should be struck on that basis, the court will deny this motion but without prejudice, providing defendant

the opportunity to renew her motion if and when Greifinger's testimony proves cumulative at trial.

Kramer also seeks to strike Dr. Greifinger's testimony because he opines on what Kramer knew *or should have known* of King's serious medical because it is premised on an erroneous understanding of the law. (Def. Kramer's Br. (dkt. #136) 5-6.) As Kramer correctly points out, a finding of deliberate indifference requires "actual knowledge;" "it is not enough that the official "should have known" of a substantial risk or that a reasonable officer in the situation would have known of the risk." *Haley v. Gross*, 86 F.3d 630, 641 (7th Cir. 1996) (citing *Farmer v. Brennan*, 511 U.S. 825 (1994)). Accordingly, the court will strike any testimony of what Kramer "*should* have known," but will allow Greifinger to testify as to what the jury could *infer* a nurse with Kramer's background and experience in correctional health care *would* have known. *See Haley*, 86 F.3d at 641 ("[A]ctual knowledge of a substantial risk of serious harm can be *inferred* by the trier of fact from the obviousness of the risk." (emphasis in original)).

ORDER

IT IS ORDERED that:

1) Plaintiff Lisa King's motion in limine to conduct a *Daubert* hearing and exclude expert testimony of Marc Novom, M.D. (dkt. #139) is GRANTED IN PART AND DENIED IN PART. Dr. Novom is limited to testifying about the opinions contained in the first seven pages of his report, and in all other respects, the motion is denied;

2) Plaintiff King's motion in limine to strike Novom's testimony because of violations of Fed. R. Civ. P. 26(a)(2)(B)(v) is GRANTED IN PART AND DENIED IN PART. Defendant La Crosse County shall comply with the mandatory disclosure requirement and provide a list of *all* other cases in which,

during the previous 4 years, Novom testified as an expert at trial or by deposition on or before December 17, 2012. In addition to providing the list and in an effort to ameliorate any prejudice to plaintiff, La Crosse County shall also provide to plaintiff on or before December 24, 2012, (1) the names and contact information of the attorney or party who retained him for each case on the list, as well as contact information for each such attorney or party; and (2) those copies of deposition or trial testimony transcripts as well as any opinions issued by courts in which Novom's testimony is discussed for each case on the list if in Novom's possession;

3) Defendant Sue Kramer's motion in limine to preclude Robert Greifinger, M.D. from rendering an opinion as to the standard of care and cause of death (dkt. #161) is DENIED; and

4) Defendant Sure Kramer's motion in limine to preclude Robert Greifinger, M.D.'s standard of care opinion that Kramer was deliberately indifferent because it is not held to the requisite standard (dkt. #162) is GRANTED IN PART AND DENIED IN PART. Dr. Greifinger may not offer testimony as to what Kramer should have known, but in all other respects, the motion is denied.

Entered this 10th day of December, 2012.

                      BY THE COURT:

                      /s/

                      _____
                      WILLIAM M. CONLEY
                      District Judge