UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

-----------------------------------------------------------------------------------------------------------------

LISA KING, AS THE SPECIAL
ADMINISTRATOR FOR THE ESTATE OF
JOHN P. KING,

      Plaintiff,

vs.                                     Case No.: 10-CV-123

SUE KRAMER, and
LA CROSSE COUNTY,

      Defendants.

-----------------------------------------------------------------------------------------------------------------

**LACROSSE COUNTY'S PROPOSED JURY INSTRUCTIONS**
**FOR LIABILITY PHASE OF TRIAL**

-----------------------------------------------------------------------------------------------------------------

      La Crosse County, by their attorneys, Crivello Carlson, S.C, hereby submits its proposed jury instructions for the liability phase of trial.  La Crosse County requests these jury instructions without waiving its right to amend, supplement, or withdraw all or any portion of these instructions as evidence and the Court's rulings at trial may dictate.

      La Crosse County wishes to include the following Standard Jury Instructions—Civil as provided by the Court along with the Preliminary Pretrial Conference Order:

**<u>Introductory Instructions</u>**

.      Credibility of Witnesses

      Depositions

      Objections

      Questions

Notetaking

Evidence

Contradictory or Impeaching Evidence

Drawing of Inferences

Experts

**<u>Post-Trial Instructions</u>**

Introduction

Burden of Proof

Answers Not Based on Guesswork

Selection of Presiding Juror; Communication with the Judge; Verdict

Suggestions for Conducting Deliberations

In addition to these standard instructions, La Crosse County requests the additional instructions set forth below:

**1.03 ALL LITIGANTS EQUAL BEFORE THE LAW**

In this case one of the defendants is a Municipal corporation.  All parties are equal before the law. A municipal corporation is entitled to the same fair consideration that you would give any individual person.

7th Circuit Pattern Instruction Civil 1.03

Submitting Party:  La Crosse County

**1.09    LIMITED PURPOSE OF EVIDENCE**

You will recall that during the course of this trial I instructed you that I admitted certain evidence for a limited purpose. You must consider this evidence only for the limited purpose for which it was admitted.

7th Circuit Pattern Instruction Civil 1.09

Submitting Party:  La Crosse County

**1.10     EVIDENCE LIMITED TO CERTAIN PARTIES**

Each party is entitled to have the case decided solely on the evidence that applies to that party. You must consider the evidence concerning *Sue Kramer and what she did or did not do that day* only in the case against *Sue Kramer*.  You must not consider it against any other party.

7th Circuit Pattern Instruction Civil 1.10 (modified)

Submitting Party:  La Crosse County

**1.11    WEIGHING THE EVIDENCE**

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists.  In law we call this "inference." A jury is allowed to make reasonable inferences.  Any inference you make must be reasonable and must be based on the evidence in the case.

7th Circuit Pattern Instruction Civil 1.11

Submitting Party:  La Crosse County

## 1.17    NUMBER OF WITNESSES

You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number.   You need not accept the testimony of the larger number of witnesses.

7th Circuit Pattern Instruction Civil 1.17

Submitting Party:  La Crosse County

**1.18    ABSENCE OF EVIDENCE**

The law does not require any party to call as a witness every person who might have knowledge of the facts related to this trial. Similarly, the law does not require any party to present as exhibits all papers and things mentioned during this trial.

7th Circuit Pattern Instruction Civil 1.18

Submitting Party:  La Crosse County

**1.23 SUMMARIES**

*Stipulated*

The parties agree that [describe *summary in evidence*] accurately summarizes the contents of documents, records, or books. You should consider these summaries just like all of the other evidence in the case.

*Not Stipulated*

Certain [*describe summary in evidence*] is/are in evidence. [The original materials used to prepare those summaries also are in evidence.] It is up to you to decide if the summaries are accurate.

7th Circuit Pattern Instruction Civil 1.18

Submitting Party:  La Crosse County

**1.24    DEMONSTRATIVE EXHIBITS**

Certain <u>summaries and timelines</u> have been shown to you. Those <u>summaries and timelines</u> are used for convenience and to help explain the facts of the case. They are not themselves evidence or proof of any facts.

7th Circuit Pattern Instruction Civil 1.24 (modified)

Submitting Party:  La Crosse County

**U.S.C. SEC. 1983**
**CAUSATION**

An injury or damage is proximately caused by an act, or failure to act, whenever it appears from the evidence in the case that the act or omission was a substantial factor and moving force in bringing about or actually causing the injury or damage to Plaintiff, and that the Plaintiff's injury or damage was either a direct result or a reasonably probable consequence of the act or omission.

In order to establish that the acts of the defendant, La Crosse County, deprived John King of his particular rights under the United States Constitution, the plaintiffs must prove by a preponderance of the evidence that the acts of La Crosse County were so closely related to the deprivation of John King's rights as to be the moving force that caused the ultimate injury.

The Plaintiff has the burden of proving each and every element of Plaintiff's claims by a preponderance of the evidence. If you find the Plaintiff has not proved any one of the elements by a preponderance of the evidence, you must return a verdict for the defendants.

Source: 3B Kevin F. O'Malley, et al., Federal Jury Practice and Instructions Sec. 166.50 (5th ed. 2001); *Gayton v. Michael D. McCoy*, 593 F.3d 610 (2010); *Monell v. Dept. of Social Services*, 436 U.S. 658 (1978);  *City of Canton v. Harris*, 489 U.S. 378 (1989).

Submitting Party:  La Crosse County

**1.25     MULTIPLE CLAIMS; MULTIPLE PLAINTIFFS/DEFENDANTS**

You must give separate consideration to each claim and each party in this case.  Although there are <u>two</u> defendants, it does not follow that if one is liable, [the other] is also liable.  In considering a claim against a defendant, you must not consider evidence admitted only against [the] other defendant.

7th Circuit Pattern Instruction Civil 1.25 (modified)

Submitting Party:  La Crosse County

**2.03.   EVIDENCE ADMITTED ONLY AGAINST ONE PARTY**

Some of the evidence in this case is limited to one of the parties, and cannot be considered against the other [defendant].  Each party is entitled to have the case decided solely on the evidence which applies to that party.

The evidence you [are about to hear] can be considered only in the case against [named party].

7th Circuit Pattern Instruction Civil 2.03 (modified)

Submitting Party:  La Crosse County

## 2.11.   IMPEACHMENT BY CONVICTION OF CRIME

You have heard evidence that witness [NAME] have been convicted of [a crime] [crimes]. You may use that evidence only to help you decide whether to believe the witness and how much weight to give [his] testimony.

7th Circuit Pattern Instruction Civil 2.11

Submitting Party:  La Crosse County

14

**2.12.  SUMMARIES OF RECORDS AS EVIDENCE**

Certain summaries regarding <u>medical treatment provided to John King and meetings the</u> <u>County had to discuss health care issues are</u> in evidence. The original materials used to prepare those summaries also are in evidence. It is up to you to decide if the summaries are accurate.

7th Circuit Pattern Instruction Civil 2.12

Submitting Party:  La Crosse County

## 2.14.   JUDGE'S COMMENTS TO LAWYER

I have a duty to caution or warn an attorney who does something that I believe is not in keeping with the rules of evidence or procedure. You are not to draw any inference against the side whom I may caution or warn during the trial.

7th Circuit Pattern Instruction Civil 2.14

Submitting Party:  La Crosse County

**7.04   LIMITING INSTRUCTION CONCERNING EVIDENCE OF STATUTES, ADMINISTRATIVE RULES, REGULATIONS, AND POLICIES**

You have heard evidence about whether the Correctional Officers violated jail policies, statutes or administrative rules.  You must remember that the issue against the County is whether La Crosse had adopted and approved an official policy denying inmates of medical care, not whether a statute/rule/procedure or regulation might have been violated by one of its employees.

7th Circuit Pattern Instruction Civil 7.04 (modified); *Monell v. Dept. of Soc. Services*, 436 U.S. 658 (1978).

Submitting Party:  La Crosse County

## **AGENCY**

Nurse Kramer was employed by Health Professionals, Ltd., an entity which is not a party to this suit.  Sue Kramer's day to day actions and decisions were not under the control of the La Crosse County.

La Crosse County is not responsible for Nurse Kramer's actions.  She is not an employee or official of La Crosse County.

Submitting Party:  La Crosse County

**7.19 LIABILITY OF MUNICIPALITY**

If you find that Plaintiff has proved any of its claims by a preponderance of the evidence, you must consider whether La Crosse County is also liable to Plaintiff.  La Crosse County is not responsible simply because of conduct of the Correctional Officers or by the medical personnel. La Crosse County is liable if Plaintiff proves by a preponderance of the evidence that John King's injuries were a result of an official policy of La Crosse County.  The plaintiff must demonstrate that the official policy at issue was approved or adopted by La Crosse County and that the policy was the moving force behind John King's injuries.  In this case, Plaintiff must prove by a preponderance of the evidence that La Crosse County had an official policy of denying inmates with necessary medical care.

Source 3B Kevin F. O'Malley, et al., Federal Jury Practice and Instructions Sec. 166 (Overview-Sec. 9, Denial of Medical Care)(5th ed. 2001); Seventh Circuit of Model Jury Instructions-Civil 7.19 as Modified.

Submitting Party:  La Crosse County (modified)

**7.20    LIABILITY OF MUNICIPALITY:  DEFINITION OF "OFFICIAL POLICY"**

When I use the term "official policy," I mean an official policy which had been approved and adopted by the County.

Submitting Party:  La Crosse County

Seventh Circuit of Model Jury Instructions-Civil 7.20 as Modified; *King v. Kramer*, 680 F.3d 1013, 1020-1021 (7th Cir. 2012).

## <u>UNAVAILABILITY OF WITNESS</u>

[name of witness] was available to both sides.  Thus [the plaintiff/the defendant] cannot complain that [witness] was not called to testify, because [party] could have called [witness].

[this instruction is appropriate only if the issue arises during closing argument or at some other time in trial]

Submitting Party:  La Crosse County

## **BIAS, PREJUDICE OR SYMPATHY**

Do not let bias, prejudice or sympathy play any part in your deliberations.  A corporation and all other persons are equal before the law and must be treated as equals in a court of justice.

Submitting Party:  La Crosse County

## **NEGLIGENT CONDUCT DOES NOT CONSTITUTE**
## **A VIOLATION OF CIVIL RIGHTS**

Mere negligence or lack of due care is not enough to constitute a violation of an individual's civil rights.  In other words, a finding of negligence alone is not sufficient for a finding that an individual's Constitutional rights have been violated.

Submitting Party:  La Crosse County

Authority:  *Daniels v. Williams*, 474 U.S. 327, 332-336 (1986)

Dated this __21st__ day of December, 2012.

CRIVELLO CARLSON, S.C.
Attorneys for La Crosse County


BY:  _s/ Amy J. Doyle_____
     AMY J. DOYLE
     State Bar No.:  1001333
     REMZY D. BITAR
     State Bar No. 1038340

710 North Plankinton Avenue
Milwaukee, Wisconsin  53203
Telephone:  414-271-7722
Fax: 414-271-4438
Email: adoyle@crivellocarlson.com
Email: rbitar@crivellocarlson.com